**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00396-PAB
(Civil Case No. 20-cv-02979-PAB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. PATRICK DURAN,

      Defendant/Movant.

---

ORDER TO SHOW CAUSE

---

On October 1, 2020, Defendant/Movant Patrick Duran filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 42) and a Motion to Proceed In Forma Pauperis (ECF No. 43). The Court construes Mr. Duran's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court must not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

For the reasons set forth below, the Court construes the Petition as seeking relief under 28 U.S.C. § 2255 and directs Mr. Duran to show cause as to why the Petition should not be denied as untimely.

**I.     Petition**

In the Petition, Mr. Duran alleges he "is actually innocent of the career offender

1

enhancement applied to his sentence" under the Sentencing Guidelines.   (ECF No. 42

at 6).   As relief, he asks the Court to vacate his sentence and resentence him "under

the appropriate guideline range without the career offender enhancement."   (*Id.* at 7).

>        II.        **Construction under 28 U.S.C. § 2255**

Based on the Petition (ECF No. 42), Mr. Duran challenges the validity of the

federal sentence imposed by this Court in Case No. 13-cr-00396-PAB.   Applicant may

not challenge the validity of a federal sentence under 28 U.S.C. § 2241 unless he

proves that the remedy under § 2255 is inadequate or ineffective, which he has failed to

do.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.   "A

petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

validity," and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."   *Bradshaw*

*v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).   A habeas corpus petition pursuant to

§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded

by motion in the sentencing court under § 2255."   *Williams v. United States*, 323 F.2d

672, 673 (10th Cir. 1963) (per curiam).   Instead, "[t]he exclusive remedy for testing the

validity of a judgment and sentence, unless it is inadequate or ineffective, is that

provided for in 28 U.S.C. § 2255."   *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.

1965); 28 U.S.C.

§ 2255(e).

Applicant bears the burden of demonstrating that the remedy available pursuant

to § 2255 is inadequate or ineffective.   *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).   This burden is not easily satisfied, because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed."   *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").

The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Applicant's claim could have been raised in an initial § 2255 motion.   *Prost*, 636 F.3d at 584.   "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."   *Id.*

Applicant fails to demonstrate that the remedy available to him under § 2255 is inadequate or ineffective.   Applicant alleges the remedy under § 2255 is inadequate or ineffective because "the one year limitation period has expired and the issues presented in this action weren't previously available."   (ECF No. 42 at 4).   However, "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective."   *Williams*, 323 F.2d at 673-74 (citations omitted).   Further, an assertion that a § 2255 motion would be barred by timing or filing restrictions does *not* present "one of those 'rare instances' in which a federal prisoner may use § 2241, rather than § 2255, to attack the validity of his federal sentence."   *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (citations omitted).

Applicant's challenge to the validity of his federal sentence could have been

raised in an initial § 2255 motion, and he fails to show that such remedy is inadequate

or ineffective.   For these reasons, the Court construes the Petition as seeking relief

under 28 U.S.C. § 2255.

### III.     Timeliness under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions

to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petition (ECF No. 42) is not timely under § 2255(f)(1).   Judgment entered

against Mr. Duran on September 17, 2014.   (ECF No. 41).   Mr. Duran did not appeal.

The conviction became final in 2014 and the one-year period expired in 2015.

Mr. Duran does not suggest the one-year limitation period should commence on

a date under § 2255(f)(2) or (4).   (*See* ECF No. 42).

It appears Mr. Duran relies on a commencement date under § 2255(f)(3), based on his citations to *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Allen v. Ives*, No. 18-35001 (9th Cir. Feb. 24, 2020).   (ECF No. 42 at 10-11).   However, this Court is not bound by the determinations of the U.S. Court of Appeals for the Ninth Circuit.   This Court must follow the U.S. Court of Appeals for the Tenth Circuit's determination that retroactive application of *Mathis* "depends on the stage of *Johnson* review that the court is undertaking."   *United States v. Lewis*, 904 F.3d 867, 872 (10th Cir. 2018).   Even if *Mathis* retroactively applied in the instant case, thereby invoking § 2255(f)(3), the Petition was filed more than four years after *Mathis* was decided on June 23, 2016 (and more than one year after the Tenth Circuit decided *Lewis* on September 13, 2018). Thus, the Petition is time-barred unless equitable tolling applies.

The statutory limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if Mr. Duran can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   *United States v. Grealish*, No. 13-4182, 559 F. App'x 786, 788 (10th Cir. May 27, 2014) (unpublished) (quotation omitted).   Mr. Duran must "allege with specificity the steps he took to diligently pursue his federal claims."   *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted).   Mr. Duran bears the burden of demonstrating that equitable tolling is appropriate in this action.   *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also U.S. v. Garcia-Rodriguez*, No. 07-8077, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (unpublished opinion) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show

5

specific facts in support of a claim of extraordinary circumstances and due diligence).

## IV.    Conclusion

For the reasons discussed above, it is

ORDERED that Defendant/Movant Patrick Duran must show cause, in writing

and filed with the Court **within thirty (30) days from the date of this Order**, as to why

the Petition (ECF No. 42) should not be denied as time-barred by 28 U.S.C. § 2255(f).

It is further

ORDERED that, if Mr. Duran fails to show cause within the time allowed, the

§ 2255 motion will be denied as untimely without further notice.   It is further

ORDERED that the Motion to Proceed In Forma Pauperis (ECF No. 43) is

DENIED as moot.

DATED October 7, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge