IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 13-cr-00396-PAB
(Civil Case No. 20-cv-02979-PAB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PATRICK DURAN,

    Defendant/Movant.

## ORDER OF DISMISSAL

    Before the Court is Defendant/Movant Patrick Duran's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Docket No. 42.  In the Petition, Mr. Duran alleges he "is actually innocent of the career offender enhancement applied to his sentence" under the Sentencing Guidelines.  *Id.* at 6.  As relief, he asks the Court to vacate his sentence and resentence him "under the appropriate guideline range without the career offender enhancement."  *Id.* at 7.

    The Court construes Mr. Duran's filings liberally because he is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court must not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

    Based on the allegations and request for relief, on October 7, 2020, the Court

construed the Petition as being brought under 28 U.S.C. § 2255. Docket No. 44. The Court entered an Order to Show Cause directing Mr. Duran to show cause as to why the Petition should not be denied as untimely. *Id.*

On November 9, 2020, Mr. Duran filed a "Response to Show Cause Order." Docket No. 45. Mr. Duran contends the Court "wrongly construed the § 2241 motion as a motion under § 2255." *Id.* at 1. Recognizing that a request for relief under § 2241 must be filed in the District where the petitioner is incarcerated, Mr. Duran asks the Court to either dismiss the Petition without prejudice or transfer it "to the District of Kansas where defendant is incarcerated." *Id.* at 2.

The Court declines to transfer the Petition in lieu of dismissal without prejudice. This Court has authority to transfer an action to the proper forum if such a transfer is in the interest of justice. 28 U.S.C. § 1631. As explained in the Order to Show Cause, in the U.S. Court of Appeals for the Tenth Circuit, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); 28 U.S.C. § 2255(e). Mr. Duran fails to establish that § 2255 is inadequate or ineffective, and that he would be time-barred from seeking relief under § 2255 does not make it so. *See Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (citations omitted); (*see also* Order to Show Cause, Docket No. 44). Thus, the interest of justice does not warrant transfer. The Court will dismiss the Petition for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013) ("when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings

clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

For the reasons discussed above and in the Order to Show Cause, it is

ORDERED that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 42], construed as seeking relief under § 2255, is DISMISSED WITHOUT PREJUDICE for lack of statutory jurisdiction and at Mr. Duran's request under Fed. R. Civ. P. 41(a).   It is further

ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED November 12, 2020.

BY THE COURT:

PHILIP A. BRIMMER
United States Chief District Judge